## Fitch *v.* Lawton *et al.*

Where a bank note was signed by the president and cashier, but their agency did not appear in the body of the note, nor otherwise, than by the contractions for president and cashier at the bottom of the note, in a suit against the president and cashier individually, the exclusion of the note from the jury in the absence of any proof showing the agency, was held to be erroneous.

IN ERROR from the circuit court of the county of Jefferson.

Action of assumpsit by Morgan L. Fitch against Josiah Lawton and Thomas Freeland.

The declaration alleges that the defendants Lawton and Freeland, by the signatures J. Lawton, cashier, and Thomas Freeland, president, made their note and promised to pay R. W. Worthington or order $100, six months after date, with 5 per cent. interest, &c. The general issue and two special pleas were filed, but before trial the special pleas were stricken out. The bill of exceptions stated that the plaintiff offered in evidence a promissory note, in the words and figures following:

Post Note. }          *Commercial Bank of Rodney,*
              Rodney, Miss. 8 March, 1839.
$100.—No. 40.

Six months after date, we promise to pay R. W. Worthington or order one hundred dollars, at the bank in Rodney, with five per cent. interest until due.

J. LAWTON, Cash'r.          THOMAS FREELAND, Pres't.
    Indorsed, pay the bearer, R. W. WORTHINGTON.

Which was objected to and ruled out, and exceptions taken. Verdict for defendants.

Error assigned is, that the court erred in refusing to permit the promissory note of defendants to be read to the jury.

Clark, for plaintiff in error.

Fitch *v.* Lawton *et al.*

Montgomery, for defendant.

No particular form of contract is required to be made by the agent of a corporation. It is sufficient if it appear to be a corporation act, and is within the powers of the agent. 5 Wh. 324. Where the trustees and wardens of a church borrowed money for the use of the proprietors, and subscribed in their capacity a note, and the old act being repealed, and a new company created who assumed the debts of the old one, it was decided that the new corporation was liable. 1 Pick. Rep. 372.

One describing himself in the body of the note as treasurer of a corporation, signed it as treasurer, the note being given for a debt of the corporation, an action against him was not maintained. 11 Serg. & Rawl. 177.

*Per curiam.*

The plaintiff instituted his suit on a note in the following words:

Post Note. }                 "*Commercial Bank of Rodney*,
                                   Rodney, Miss. 8 March, 1839.
$100.—No. 40.

Six months after date, we promise to pay to R. W. Worthington or order one hundred dollars, at the bank in Rodney, with five per cent. interest until due.

J. Lawton, Cash'r.                 Thomas Freeland, Pres't."

The declaration is in the usual form, to which the defendants pleaded the general issue. On the trial the plaintiff offered the note in evidence to the jury, but this was objected to, and the court sustained the objection and ruled the note out. For what particular reason it was ruled out does not appear, nor does the record present any good reason why it should have been ruled out. It is in the form of an ordinary promissory note, and on its face shows a good cause of action. If it was susceptible of explanation, that explanation should have come from the other side. The note gives a *prima facie* case for recovery, and the plaintiff must succeed unless his right is defeated by the proof of the defendants.

Judgment reversed, and cause remanded.